Lyons J.
delivered the opinion of the Court.
It is unnecessary to decide the first point made iu this cause, since the Court feel no difficulty in affirming the decree upon the second. There can be no doubt, but that the executor has exceeded his power in selling the reversion of the land in question. The case of a person purchasing slaves, or a specific legacy from an executor, whilst he has other assets to pay debts, is not like the present. The executor bv law has a right to the possession of slaves, and of personal estate, and a right to sell them. But he has no right to sell lands, unless under a special authority. A purchaser therefore of land, from an executor, is bound to look for, and to understand the extent of that power, and consequently the principle caveat emptor, strictly applies in such a case. It is otherwise as to personal estate. The executor, instead of selling the reversion of this land, ought to have sold the other moiety, which was unincumbered.
Decree affirmed.([1])

(1) Sale v. Roy, 9 Hen. & Manf. 68. 76. 78.